IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| WILLIE BUCKHANA,<br>       Plaintiff,<br><br>v.<br><br>JONATHAN EK, *et al.*,<br>       Defendants. | Case No. 2:25-cv-02147-JEH |

**Merit Review Order**

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Danville Correctional Center ("Danville"). (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**I**

Plaintiff files suit against Wexford Health Sources, Inc. ("Wexford"), Medical Director Dr. Jonathan Ek, Healthcare Unit Administrator ("HCUA")

1

Darcy Hinchman, Director of Nursing Ashley Darnell, Nurse Marissa, Warden Felicia Adkins, and John/Jane Doe.

Plaintiff alleges Defendant Wexford's written and unwritten policies, practices, and customs violate his constitutional rights. Plaintiff asserts that Defendant Wexford was deliberately indifferent to his serious medical conditions, including high blood pressure and kidney disease, by delaying his medication renewals. Plaintiff also claims that Defendant Wexford violated his rights due to its cost-cutting and hiring policies. Plaintiff asserts Danville does not have sufficient medical staff to provide care for over 1,700 inmates. As a result, his requests for medical care, including a referral to a kidney specialist, were denied or delayed.

Plaintiff asserts Defendant Dr. Ek uses "harmful cost-cutting policies and unwritten policies in cancelling already scheduled appointments at outside providers" and does not ensure that medications are refilled in a timely manner. (Doc. 1 at p. 9). Plaintiff claims Defendant Darnell, the Director of Nursing, failed to supervise and train nursing staff how to dispense medications and refill prescriptions. As a result, Plaintiff claims he did not receive timely refills. Plaintiff alleges Defendant Nurse Marissa denied his medications "because of a non-existent open & float policy" on November 5, 2024. *Id.* at p. 10. Plaintiff asserts Defendant HCUA Hinchman did not properly respond to his grievances and "did nothing to fix the ongoing situation." *Id.* at p. 11. Plaintiff claims Defendant Warden Adkins improperly concurred with the denial of his grievances.

II

It appears that Plaintiff is attempting to allege Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, but due to Plaintiff's vague allegations, it is impossible for the Court to identify the specific allegations against each Defendant and determine whether there are

potential claims against any of them. Federal Rule of Civil Procedure 8 states a complaint must include "a short and plan statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's Complaint does not give Defendants adequate notice of his claims.

Additionally, it appears that Plaintiff is attempting to hold Defendants Ek, Hinchman, Darnell, and Adkins liable based on their supervisory positions. Plaintiff did not include any specific allegations to demonstrate that they were personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendants cannot be liable based only on their status as supervisors. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff named John/Jane Doe as a Defendant, but he did not include any specific allegations regarding this Defendant in his Complaint.

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rule of Civil Procedure 8. The Court will allow Plaintiff the opportunity to file an Amended Complaint within thirty days of this Order. His Amended Complaint MUST clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Plaintiff MUST also provide the date each allegation occurred or a specific timeframe.

### III

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 5). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "When evaluating a plaintiff's competence, district courts should normally consider the plaintiff's literacy, communication skills, education level, and litigation experience." *Bracey v. Grondin*, 712 F.3d 1012, 1018 n.3 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). The Court may also consider "the perceived merits of–or likelihood of success on–an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022).

Plaintiff included a list of four attorneys or law firms he contacted in April and May 2025 and attached a letter from one attorney who declined to accept his case. (Doc. 5 at pp. 3-4). Demonstrating a reasonable effort to obtain representation

typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion to Request Counsel is denied. If Plaintiff renews his Motion, he is directed to attach additional copies of letters he sent to or received from prospective counsel, list any additional attorneys or law firms he contacted, and indicate whether he received any responses.

**IT IS THEREFORE ORDERED:**

**1)    Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rule of Civil Procedure 8. Plaintiff shall have 30 days from the entry of this Order to file an Amended Complaint. Failure to file a timely Amended Complaint or to follow the instructions in this Order will result in the dismissal of this case, with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

**2)    Plaintiff's Motion to Request Counsel [5] is DENIED.**

**3)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

*It is so ordered.*

Entered: July 21, 2025

s/Jonathan E. Hawley
U.S. District Judge