IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

WILLIE BUCKHANA,
    Plaintiff,

v.

Case No. 2:25-cv-02147-JEH

JONATHAN EK, *et al.*,
    Defendants.

## Merit Review Order

Plaintiff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Danville Correctional Center ("Danville"). (Doc. 10). This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

I

Plaintiff files suit against Wexford Health Sources, Inc. ("Wexford"), Medical Director Dr. Jonathan Ek, Healthcare Unit Administrator ("HCUA")

1

Darcy Hinchman, Director of Nursing Ashley Darnell, Nurse Nerrissa, Warden Felicia Adkins, and Day-to-Day Head Warden McKenna Wenzel. Plaintiff does not name Defendants John/Jane Doe and Nurse Marissa as Defendants in his Amended Complaint. Therefore, Defendants John/Jane Doe and Marissa are dismissed without prejudice.

Plaintiff alleges he suffers from chronic kidney disease, hypertension, high blood pressure, and a chronic spine disease. Plaintiff alleges he was transferred from Stateville Correctional Center to Danville in late 2024. Plaintiff alleges he had multiple medical appointments scheduled at UIC prior to transferring to Danville. However, Defendant Ek allegedly cancelled the appointments and did not reschedule them with other providers.

Plaintiff alleges he saw Defendant Ek on February 18, 2025, and on two other unknown dates and informed Defendant Ek his kidney disease was at stage 3. Defendant Ek allegedly failed to refer Plaintiff to a kidney specialist to determine if his kidney disease had progressed and refused to refer Plaintiff to a pain clinic to assess his spine.

Plaintiff alleges he was prescribed medications for his medical conditions, but he did not receive his medications between October 22-30, 2024. Plaintiff alleges the missed doses caused him to experience blurred vision, headaches, fatigue, soreness in his kidneys, and blood in his urine. Plaintiff alleges Defendant Ek failed to ensure his prescriptions were renewed and refilled.

Regarding Defendant Darnell, Plaintiff alleges she knew or should have known about his kidney disease and hypertension based on her role as Director of Nursing at Danville. Plaintiff also alleges he submitted grievances stating that he did not receive his medications between October 22-30, 2024, because one of the nurses under Defendant Darnell's supervision, Defendant Nerrissa, allegedly denied him his medications. Plaintiff also claims Defendant Darnell is liable

because she "has not developed a procedure that assures that med refills are done on time" or developed an adequate nurse sick call policy. (Doc. 10 at p. 16).

Plaintiff alleges he saw Defendant Nurse Nerrissa to receive his medication for kidney disease and hypertension on November 5, 2024. Plaintiff alleges Defendant Nerrissa told him she would only give him his medications using the "open and float" method, rather than the "watch take" method. Plaintiff alleges the "open and float" method is used for inmates with special conditions or if requested by security or medical staff. Plaintiff refused to take the medications using the "open and float" method, and Defendant Nerrissa allegedly refused to give Plaintiff his medications. Plaintiff alleges he was suffering from high blood pressure, pain, headaches, and fatigue when Defendant Nerrissa denied his medications.

Plaintiff alleges he submitted grievances on October 13, 26, and 30, 2024, and November 7, 2024. Defendant Warden Adkins deemed two grievances as emergencies and sent them to Defendant HCUA Hinchman. Defendant Hinchman allegedly received the two non-emergent grievances from the grievance counselor. In the grievances he submitted in October 2024, Plaintiff complained his prescription medications were not being renewed and refilled in a timely manner. Plaintiff complained he needed the medications to treat his chronic kidney disease, high blood pressure, hypertension, and spine disease and that running out of the medications caused debilitating pain and blood in his urine. In the grievance he submitted on November 7, 2024, Plaintiff complained Defendant Nerrissa refused to give him his medications on November 5, 2024. Plaintiff alleges Defendant Hinchman did not respond to his grievances for months. Plaintiff alleges Defendants Adkins and Hinchman "turned a blind eye" to the lack of medical care.

Plaintiff also alleges Defendant Adkins violated his Fourteenth Amendment due process rights by "continuing to apply and condone" an ineffective grievance

policy in which "emergency" grievances are not treated as emergencies. *Id.* at p. 23. Plaintiff alleges Defendant Adkins failed to take action to correct the broken grievance system.

Plaintiff alleges Defendant Wexford's "cost-cutting and understaffing policies" make it difficult for Wexford to retain qualified staff and cause long delays to receive treatment. *Id.* at p. 8. Plaintiff claims Wexford uses a "bottom of the barrel" type of hiring policy and hires too many part-time staff members, "which causes ridiculous delays/denial of care (dental, eye care, hearing, etc.)." *Id.* Plaintiff alleges there is no physical therapist on staff.

## II

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id.* An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

4

Based on the Court's review, Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendant Dr. Ek based on his alleged deliberate indifference to Plaintiff's serious medical needs, including chronic kidney disease, hypertension, high blood pressure, and chronic spine disease. Plaintiff also alleges plausible Eighth Amendment claims against Defendants HCUA Hinchman and Warden Adkins, who allegedly turned a blind eye to the lack of medical care and missed doses of his prescription medications, and Defendant Nerrissa, who allegedly refused to give him his medications on November 5, 2024.

Plaintiff fails to state a Fourteenth Amendment claim against Defendant Adkins based on the alleged mishandling of his emergency grievances and Defendant's alleged failure to fix the ineffective grievance system. "With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (citations omitted). Accordingly, Danville's grievance procedures do not give rise to a liberty interest protected by the Due Process Clause. *Id.*

Plaintiff has not alleged a viable constitutional claim against Defendant Darnell. Plaintiff did not allege that Defendant Darnell received or responded to any of his grievances or that she was personally involved in his care. It appears that Plaintiff is attempting to hold Defendant Darnell liable based solely on her supervisory role as the Director of Nursing. Section 1983 does not allow actions against individuals based on their supervisory role of others. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir.

1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Defendant Darnell is dismissed without prejudice for failure to state a claim.

Private corporations such as Wexford have potential liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978), if they perform a governmental function and, in doing so, injure plaintiff through an unconstitutional policy or practice. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions). "Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority." *Taylor v. Wexford Health Sources, Inc.*, No.15-5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). "Although *Monell* claims may proceed with conclusory allegations of a policy or practice, some facts must be pleaded to put the defendant on notice of the alleged wrongdoing." *Taylor*, 2016 WL 3227310, at *4.

Plaintiff's Amended Complaint includes a hodgepodge of allegations against Wexford. (Doc. 10 at pp. 8-9). The Court finds Plaintiff's allegations are insufficient to place Wexford on notice of the claims against it. *See McCauley v. City of Chicago*, 671 F.3d 611, 617-18 (7th Cir. 2011) (a plaintiff must plead a sufficient factual basis for a *Monell* claim); *see also Olive v. Wexford Corp.*, 494 Fed. Appx. 671, 672–73 (7th Cir. 2012) (bare allegations that Wexford had an unconstitutional policy or practice, "does not identify any concrete policy, let alone an unconstitutional one; it is more in the nature of an insult than the sort of allegation

6

required by *Monell* and *Twombly*"); *Taylor*, 2016 WL 3227310, at *4 (dismissing *Monell* claim where "allegations of Wexford's policies and practices are vague and broad, lacking in sufficient detail to put Wexford on notice of the claim against it"). Defendant Wexford is dismissed without prejudice for failure to state a claim.

Finally, Plaintiff named Day-to-Day Head Warden McKenna Wenzel as a Defendant, but he did not include any specific allegations about Defendant Wenzel in his Amended Complaint. Defendant Wenzel is dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

**1)      According to the Court's merit review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff may proceed on an Eighth Amendment deliberate indifference claim against Defendants Dr. Jonathan Ek, Felicia Adkins, Darcy Hinchman, and Nerrissa. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.**

**2)      The Clerk is directed to ADD Nerrissa (Nurse) as a Defendant.**

**3)      Defendants Wexford Health Sources, Inc., Marissa, John/Jane Doe, Ashley Darnell, and McKenna Wenzel are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendants Wexford, Darnell, Marissa, and John/Jane Doe.**

**4)      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

**5)      The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will**

require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6)      Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7)      If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8)      This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)      Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11)    Plaintiff shall be provided a copy of all pertinent medical records upon request.

12)    Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13)    The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: October 21, 2025

s/Jonathan E. Hawley
U.S. District Judge